1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DESTINEE MOLIGA, individually and on behalf of all those similarly situated, | NO. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| vs. | King County Superior Court Case No. 23-2-11540-6 SEA |
| QDOBA RESTAURANT CORPORATION, a foreign for profit corporation doing business as QDOBA MEXICAN EATS CORPORATION; and DOES 1-20, | |
| Defendants. | |

Defendant Qdoba Restaurant Corporation d/b/a Qdoba Mexican Eats Corporation ("Qdoba" or "Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for King County.  This removal is based on jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity), § 1332(d) (the Class Action Fairness Act ("CAFA")), and § 1441 (a) and (b). It is timely under 28 U.S.C. § 1446. This Notice and Petition for Removal is supported by the accompanying Declaration of Sanjay Shastri in Support of Removal ("Shastri Dec.").

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

1

## I.      **BACKGROUND**

2       On June 27, 2023, Plaintiff Destinee Moliga, on behalf of herself and all others similarly

3    situated, filed a Class Action Complaint for Damages, Injunctive Relief, and Declaratory Relief

4    in Superior Court of Washington State for King County entitled, *Destinee Moliga, individually*

5    *and on behalf of all others similarly situated v. Qdoba Restaurant Corporation d/b/a Qdoba*

6    *Mexican Eats Corporation*, Case No. 23-2-11540-6 SEA (the "Complaint"). Pursuant to 28

7    U.S.C. § 1446(a), a true and correct copy of the Complaint and all process, pleadings, and orders

8    served upon Defendant is attached to this Notice as **Exhibit A.** The allegations of the Complaint

9    are incorporated by reference in this Notice and Petition for Removal without admission or

10   agreement to the truth of any of them.

11      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice

12   of Removal to Federal Court, to which this Notice and Petition for Removal shall be attached,

13   with the Clerk of the Superior Court of Washington for King County, from which this case

14   was removed, and serve these documents on Plaintiff. Copies of the state court Notice of

15   Removal to Federal Court are attached hereto as **Exhibit B.**

16      The Complaint purports to seek relief from Defendant related to Washington's Equal

17   Pay and Opportunity Act, RCW 49.58.110, requiring certain disclosures in job postings.

18   Specifically, the Complaint seeks (1) damages for alleged violations of RCW 49.58.110; (2)

19   injunctive relief; and (3) declaratory relief.

20

## II.     **REMOVAL IS TIMELY**

21      Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant is filing this

22   Notice and Petition for Removal within thirty days after the Complaint was served. *Murphy*

23   *Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Defendant first

24   received a copy of the Complaint when it was served on June 28, 2023. Declaration of Catharine

25   Morisset in Support of Removal ("Morisset Dec.") ¶ 2. Accordingly, this Notice and Petition

26

27

NOTICE OF REMOVAL
(23-2-11540-6 SEA) Page 2

FP 47694061.5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

for Removal has been filed within 30 days of commencement of the action in state court as required by 28 U.S.C. §1446(b).

## III.   **VENUE IS PROPER**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (the Western District of Washington) embraces the King County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate federal district court to which to remove this action.

## IV.   **SUBJECT MATTER JURISDICTION EXISTS**

Defendant removes this action based upon diversity jurisdiction, 28 U.S.C. § 1332(a) and CAFA, 28 U.S.C. § 1332(d). As set out below, this action is removable per 28 U.S.C. § 1441(a) as (1) it is a case with complete diversity of citizenship between the named Plaintiff and Defendant with over $75,000 in controversy and/or (2) it meets CAFA's requirements as (a) it is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of any one defendant, satisfying minimal diversity requirements, (b) the proposed class is estimated to exceed 100 members, and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

## A.   **Diversity Exists**

There is complete diversity of citizenship between the named Plaintiff and Defendant. With respect to CAFA, it only requires minimal diversity—that is, that any one plaintiff is a

NOTICE OF REMOVAL
(23-2-11540-6 SEA) Page 3
FP 47694061.5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

citizen of a different state than any one defendant. 28 U.S.C. §§ 1332(d)(2)(A) and 1453.[1] Because Plaintiff and Qdoba are citizens of different states, both complete diversity and minimal diversity exists here.

1.   *Plaintiff's Citizenship*

According to Plaintiff's Complaint, she is a "resident of Pierce County, Washington." Complaint ¶ 8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Therefore, Plaintiff expressly alleges she is a citizen of Washington State.

2.   *Defendant's Citizenship*

Defendant is incorporated in Colorado. Shastri Dec. ¶ 3. A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *Id*. at 93, which is the corporation's "nerve center." *Id*. at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93. Qdoba maintains its corporate headquarters in San Diego, California. High-level officers of Qdoba work, direct, control, and coordinate activities of Qdoba out of California. Shastri Dec. ¶ 4.

**B.   Putative Class Contains More Than 100 Members**

1.   *Size of Class*

In her Complaint, Plaintiff defines the class as:

All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant Qdoba Restaurant Corporation, where the job posting did not disclose the wage scale or salary range for the position.

---

[1] The citizenship of Doe defendants is immaterial for purposes of determining minimal diversity under CAFA or otherwise. 28 U.S.C. 1441(a); *see Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

NOTICE OF REMOVAL
(23-2-11540-6 SEA) Page 4

FP 47694061.5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

Complaint, ¶ 19. By Plaintiff's own estimation, "[t]here are potentially hundreds of individuals who applied for jobs with Defendant within the time period relevant to this matter" and that "[j]oinder of all such individuals is impracticable." Complaint, ¶ 21. Defendant agrees there were at least 100 individuals who submitted job applications during the relevant period. Shastri Dec. ¶6. Thus, the potential class as identified by Plaintiff exceeds 100, as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

**C.   Amount in Controversy Exceeds the Required Amount**

For diversity jurisdiction, the amount in controversy must meet or exceed $75,000. 28 U.S.C. § 1332(a). For CAFA, the amount in controversy must meet or exceed five million dollars. 28 U.S.C. § 1332(d)(2).

Although Qdoba denies that Plaintiff or any putative class member is entitled to any relief, in determining the amount in controversy, the Court must assume Plaintiff's allegations in the Complaint are true and that a jury will return a verdict for the Plaintiff on all claims in the Complaint. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (Internal quotation marks omitted)). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal citations omitted) (diversity removal). "This amount includes, inter alia, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales,* 840 F.3d. at 648-69. *See also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (in CAFA removal action, holding that when statute or contract provides for recovery of attorney fees, prospective attorney fees must be included in assessment of amount in controversy). Further, the Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the

NOTICE OF REMOVAL
(23-2-11540-6 SEA) Page 5

FP 47694061.5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, Plaintiff seeks injunctive relief and attorney fees as set out in in the remedies sections of RCW 49.58.110(4) and RCW 49.58.070(1).   If this case proceeded to trial, Plaintiff's recoverable attorney fees would easily exceed $75,000, even without consideration of the cost of complying with the injunction or any damages awarded. The Complaint also seeks: "[s]tatutory damages equal to Plaintiff's and the Class Members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1)." Complaint, § VII.2. Plaintiff describes the putative class broadly as "all individuals who. . . applied for a job opening in the State of Washington [.]" Complaint ¶ 19.  Plaintiff does not define "applied," and fails to distinguish among hired employees, hired applicants who ultimately declined the job, applicants who received interviews but not job offers, or even those who submitted applications regardless of skills, qualifications, or actual interest in employment.   Putting aside that Plaintiff's vague class definition overstates the reasonable reach of RCW 49.58.070(1), and her Complaint does not plead a legally tenable class or claim, as pled, potential statutory damages exceed the $5,000,000 threshold for CAFA based on the number of potential class members as Plaintiff appears to define them.  Shastri Dec. ¶ 6.

**D.    NOTICE OF REMOVAL TO STATE COURT**

In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached as Exhibit B.

1

**E.     CONCLUSION**

2

Subject matter jurisdiction exists under 28 U.S.C. §1332(a) because there is diversity of

3

citizenship between the Plaintiff and Defendant and at least $75,000 amount in controversy.

4

Subject matter jurisdiction also exists under 28 U.S.C. §1332(d) because there is minimal

5

diversity of citizenship inasmuch as at least one putative class member is a citizen of

6

Washington and Qdoba is a citizen of Colorado and California.  The putative class exceeds 100

7

members, and as pled, the amount in controversy exceeds the jurisdictional minimum.  In

8

addition, no CAFA exceptions apply. Accordingly, this Court has diversity jurisdiction

9

pursuant to 28 U.S.C. § § 1332, 1441, and 1446, and Qdoba has properly removed this Action

10

to this Court. Qdoba reserves, and does not waive, any objections it may have to jurisdiction,

11

venue, and any and all other defenses or objections.

12

DATED this 18th day of July 2023.

13

FISHER & PHILLIPS LLP

14

By s/*Catharine M. Morisset*
    Catharine M. Morisset, WSBA #29682

15

By s/*Ryan R. Jones*
    Ryan R. Jones, WSBA #52566

16

17

    1700 Seventh Avenue, Suite 2200
    Seattle, WA 98101

18

    Telephone:  (206) 682-2308
    Facsimile:  (206) 682-7908

19

    Email:     cmorisset@fisherphillips.com
            rrjones@fisherphillips.com
    *Attorneys for Defendant*

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL
(23-2-11540-6 SEA) Page 7

FP 47694061.5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below written, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

Timothy W. Emery, WSBA #34078              Via CM/ECF and E-Mail
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Emery Reddy, PLLC
600 Stewart St., Suite 1100
Seattle, WA 98101
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
*Attorneys for Plaintiffs*

Executed July 18, 2023 at Seattle, Washington.

Jazmine Matautia

NOTICE OF REMOVAL
(23-2-11540-6 SEA) Page 8

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 47694061.5