IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DESTINEE MOLIGA, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>QDOBA RESTAURANT CORPORATION, a foreign for profit corporation doing business as QDOBA MEXICAN EATS CORPORATION; and DOES 1-20,<br><br>               Defendants. | No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF |

Plaintiff Destinee Moliga, on behalf of herself and all others similarly situated (the "Class"), by and through her counsel, brings this Class Action Complaint against Defendant Qdoba Restaurant Corporation ("Qdoba" or "Defendant") and alleges, upon personal knowledge as to her own actions and her counsel's investigations, and upon information and belief as to all other matters, as follows:

## I.      NATURE OF THE CASE

1.    Effective January 1, 2023, employers must disclose in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110(1).

2.    The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington."

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 1

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(b).

3.      "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." H.B. Rep. ESSB 5761, at 2 (Wash. 2022). The Equal Pay and Opportunities Act ("EPOA") "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id*. Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." S.B. Rep. ESSB 5761, at 3 (Wash. 2022). The EPOA makes Washington "more competitive for job seekers at a time when our employers are struggling to recruit and retain workers who keep our economy going." *Id*.

4.      This is a class action on behalf of individuals who applied to job openings with the Defendant where the job posting did not include the wage scale, salary range, and/or a general description of all of the benefits and other compensation to be offered in direct violation of RCW 49.58.110.

## II.      JURISDICTION AND VENUE

5.      This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

6.      Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and Defendant resides and transacts business in King County, Washington.

7.      Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of Washington employers, or were applicants of Washington employers, at all times relevant to their interactions with Defendant; (b) Defendant is registered to conduct business, and regularly transacts business, within Washington; (c) the alleged conduct of Defendant occurred within Washington; (d) the injuries to Plaintiff and the Class occurred within Washington; and (e) during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 2

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

factual allegations against Defendant on behalf of the same persons. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

### III.    PARTIES

8.    Plaintiff Destinee Moliga is a resident of Pierce County, Washington and applied to work for Defendant Qdoba Restaurant Corporation at its restaurant located at 17801 International Blvd, Space CT-12, Seattle, King County, Washington 98158.

9.    Defendant Qdoba Restaurant Corporation is a foreign for profit corporation that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 17801 International Blvd, Space CT-12, Seattle, Washington 98158; 1200 NE 45th Street, Seattle, Washington 98105; 7650 SE 26th Street, Suite 106, Mercer Island, Washington 98040; and 100 Andover Park West, Suite 130, Tukwila, Washington 98188.

10.    Plaintiff is currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names DOES 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

### IV.    FACTS APPLICABLE TO THE CLASS AND ALL CAUSES OF ACTION

11.    Effective January 1, 2023, all Washington employers are required to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 3

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

12.     For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

13.     Defendant employs more than 15 individuals.

14.     From January 1, 2023 to the present, Plaintiff and more than 40 Class members applied to job openings with Defendant for positions located in Washington state where the postings did not disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered.

15.     On or about February 28, 2023, Plaintiff applied for a job opening in King County, Washington with Defendant. The posting for the job opening did not disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered. A true and correct copy of Defendant's job posting and Plaintiff's application are attached hereto as Exhibit A.

16.     Plaintiff and the Class members lost valuable time applying for a job with Defendant for which the pay or salary range was not disclosed to them.

17.     As a result of Plaintiff's and Class members' inability to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace, Plaintiff and the Class members were harmed.

18.     As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial.

## V.     CLASS ACTION ALLEGATIONS

19.     <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendant on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant Qdoba Restaurant Corporation, where the job posting did not disclose the wage scale or salary range for the position.

20.     Excluded from the Class are the Defendant and Defendant's officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

21.     <u>Numerosity</u>. There are potentially hundreds of individuals who applied for jobs with Defendant within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

22.     <u>Commonality</u>. Because all applicants applied for job openings that did not disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered, this is a straightforward matter of determining whether Defendant's actions violate Washington law, and, if so, assessing damages.

23.     <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all applied for job openings with Defendant that did not disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered.

24.     <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the Class.

25.     <u>Predominance</u>. Defendant has engaged in a common course of conduct of failing to disclose the wage scale, salary range, and/or a general description of the benefits and other compensation to be offered in job postings in violation of RCW 49.58.110. The common issues arising from Defendant's unlawful conduct affects Plaintiff and Class members and predominates over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

26.     <u>Superiority</u>. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action,

however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the job postings they applied to are readily identifiable through Defendant's own records.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.58.110
### *Claim of Relief for Plaintiff and the Class*

27.    Plaintiff incorporates by reference all foregoing factual allegations.

28.    As described more fully above, Defendant did not disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered in its job postings.

29.    On or after January 1, 2023, Plaintiff and the Class applied for job openings with the Defendant where the postings did not disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered.

30.    Defendant's actions and/or omissions violate RCW 49.58.110.

31.    As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial.

### SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF
### *Claim of Relief for Plaintiff and the Class*

32.    Plaintiff incorporates by reference all foregoing factual allegations.

33.    Plaintiff and the Class are entitled to an injunction prohibiting Defendant from further violations of Washington law. Specifically, Plaintiff seeks injunctive relief to require Defendant to disclose in each posting for each job opening the wage scale or salary range, and a

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 6

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

general description of all of the benefits and other compensation to be offered to the hired applicant.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF
### *Claim of Relief for Plaintiff and the Class*

34.     Plaintiff incorporates by reference all foregoing factual allegations.

35.     Plaintiff and the Class are entitled to a declaration that Defendant's practice of failing to disclose in each posting for each job opening the wage scale or salary range is illegal.

36.     Plaintiff and the Class are entitled to a final judicial determination of the amounts owing to Plaintiff and the Class as a result of Defendant's failure to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant.

### VII.    REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendant as follows:

1.     An Order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and her counsel as Class Counsel;

2.     Statutory damages equal to Plaintiff's and the Class members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1);

3.     Costs and reasonable attorneys' fees pursuant to RCW 49.58.070(1);

4.     Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendant from engaging in the conduct complained of herein, including, but not limited to, an Order requiring Defendant to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant;

5.     Declaratory relief to the effect that Defendant's failure to disclose in each posting for each job opening the wage scale or salary range violates Washington law;

6.     Pre- and post-judgment interest;

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 7

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

7.   Leave to amend the Complaint to conform to the evidence; and

8.   Any additional or further relief which the Court deems equitable, appropriate, or just.


DATED June 27, 2023.                    EMERY | REDDY, PLLC


By: _____
     Timothy W. Emery, WSBA No. 34078
     Patrick B. Reddy, WSBA No. 34092
     Paul Cipriani, WSBA No. 59991
     Emery Reddy, PLLC
     600 Stewart Street, Suite 1100
     Seattle, WA 98101
     Telephone: (206) 442-9106
     Fax: (206) 441-9711
     Email: emeryt@emeryreddy.com
     Email: reddyp@emeryreddy.com
     Email: paul@emeryreddy.com
     *Attorneys for Plaintiff Destinee Moliga*

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 8

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

# EXHIBIT A





**APPLY**   **SHARE**

**Cook Job Description**

If you like working with a fun team, love our queso, have a great personality & enjoy interacting with customers, then come and talk to us about joining the QDOBA family! QDOBA is now hiring energetic, hospitality-oriented individuals!

**POSITION SUMMARY** As a Cook, you would prepare and serve our guests. As part of this, you would help maintain the high-quality product by following our quality and safety standards.

Job Functions:

- Prepares food according to specifications by using approved recipes, proper portioning, and food prep logs/tools
- Restocks front line with prepared product during peak volumes and/or in accordance with time &temperature
- Adheres to food safety standards and reports any questionable food deliveries

# QDOBA

- Prepares food according to specifications by using approved recipes, proper portioning, and food prep logs/tools
- Restocks front line with prepared product during peak volumes and/or in accordance with time &temperature
- Adheres to food safety standards and reports any questionable food deliveries and/or practices.
- Have fun and maintain a positive attitude at all times.
- Strive to exceed guest expectations.
- Be a willing team player and maintain a cooperative, respectful working relationship with management and fellow team members.
- Be an ambassador for QDOBA.
- Monitor the quality of products and take appropriate actions to maintain that quality.
- Ensure personal appearance meets company standards and display professionalism at all times.
- Recognize and adhere to all sanitation, safety, security policies and procedures to provide a safe environment for all.
- Perform other tasks as directed by management.

At Qdoba, we bring flavor to peoples' lives. This means we highly value the diversity, and flavor, our employees bring to the table.

**REASONABLE ACCOMMODATION:** QDOBA will

 

management.

At Qdoba, we bring flavor to peoples' lives. This means we highly value the diversity, and flavor, our employees bring to the table.

**REASONABLE ACCOMMODATION:** QDOBA will make reasonable accommodations to allow a qualified individual with a disability to enjoy equal employment opportunities and to perform the essential functions of the job. This position description should be applied accordingly.

**APPLY**   **SHARE**

### Position Information

Status: Full Time

Shift: First (Day), Second (Afternoon), Third (Night)

Location: 17801 International Blvd, Seattle, US, WA, 98158

## Talent Community



**QDOBA** Qboba

**Restaurant Cook | Seattle, WA**

APPLICATION PROGRESS

## Contact Information

First Name *
Destinee

Last Name *
Moliga

E-Mail *

Phone *

Street *

Street 2

Country *
United States



# Qdoba

**Restaurant Cook | Seattle, WA**

APPLICATION PROGRESS

## General Questions

Are you age 18 or older?

No one under the age of 18 can use, adjust, or clean any motorized equipment to include food processors, slicers, dicers, mixers, blenders, or trash compactors. Unless expressly permitted by local and state labor regulations, QDOBA policy also restricts employees under the age of 18 from using knives and manually operated slicers and dicers. For further information on the local or state labor regulations for your restaurant, contact Brand Performance Support

\*

◉ Yes

◯ No

Have you previously worked for Qdoba Mexican Eats (company operated or franchise) *

◯ Yes

◉ No

time? *

🔘 Full Time

⚪ Part Time

⚪ Any

Were you referred by a current employee? *

⚪ Yes

🔘 No

Can we reach out to you IMMEDIATELY with potential job opportunities that match your job search? *

🔘 Yes

⚪ No

Cancel    **CONTINUE**





1:11

:.jobappnetwork.com

Powered by
talentReef

**SIGN UP**



**Qdoba**

Restaurant Cook | Seattle, WA

APPLICATION PROGRESS

# Review & Submit

Contact Information                    EDIT

First Name *
**Destinee**

Last Name *
**Moliga**

E-Mail *

Phone *

Street *





SIGN UP



## Welcome to TalentReef

Your Qdoba Restaurant Group application has been submitted!

A confirmation message has been sent to: moligadestinee@gmail.com



## Make it easy to apply for more jobs!

Save your profile by creating a password for your TalentReef account.



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DESTINEE MOLIGA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QDOBA RESTAURANT CORPORATION, a foreign for profit corporation doing business as QDOBA MEXICAN EATS CORPORATION; and DOES 1-20,<br><br>Defendants. | No.<br><br>SUMMONS (20 DAYS) |

TO:    QDOBA RESTAURANT CORPORATION dba QDOBA MEXICAN EATS CORPORATION.

A lawsuit has been started against you in the above entitled court by the above-captioned plaintiff.  Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where the plaintiff is entitled to what he asks for

SUMMONS (20 DAYS) - 1

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of The State of Washington.

DATED June 27, 2023.                    EMERY | REDDY, PLLC

By: _____
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff Destinee Moliga*

ØŠÒÖ

ĢÆ€ĤÆŔÐÂĞÊ€€Ê ÁĒ
SŒÖ ŎÁ ŐŮ Þ VÝ
Ù Ů Ò Ü ŲÁŮ Ų Ű Ò ŠÒÜ S
Ò Ô ŠÒÖ
Ô ŒÜ Ò ÁÄ Ĥ Ģ Æ FÍ I €Ĥ ÁŮ ŒŒ

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| Destinee Moliga | No. 23-2-11540-6  SEA |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| Qdoba Restaurant Corporation | |
| | (CICS) |

**CAUSE OF ACTION**

TTO - Tort /Other

**AREA OF DESIGNATION**

SEA          Defined as all King County north of Interstate 90 and including all of
Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah,
and North Bend, and all of Vashon and Maury Islands.

ØŠÒÖ
ŒŒHÁŘWÞÁŒÁŘ€€Ř€ŒÁŒÈŤ
ŠŒÕŽÖŠUWÞVŸ
ÙWÚÒÜŒŒÜŽUWÜVŠŒŠÒÜŠ
ÒŠØÒÖ
ŮŒŪÒÒÁŴÁŒHŒ€ÏÍ€ÍŽÁŮÒŒ

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| DESTINEE MOLIGA | No. 23-2-11540-6  SEA |
|---|---|
| Plaintiff(s) | **ORDER SETTING CIVIL CASE SCHEDULE** |
| vs | **ASSIGNED JUDGE: Kristin Richardson, Dept. 52** |
| Qdoba Restaurant Corporation | FILED DATE: 06/27/2023 |
| Defendant(s) | TRIAL DATE:06/24/2024 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I.  NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.***  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion.  The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

**I. NOTICES (continued)**

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
|   | Case Filed and Schedule Issued. | 06/27/2023 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 12/05/2023 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 12/05/2023 |
|   | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 12/19/2023 |
|   | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 01/22/2024 |
|   | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 03/04/2024 |
|   | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 03/18/2024 |
|   | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 03/18/2024 |
|   | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 05/06/2024 |
|   | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 05/28/2024 |
|   | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 06/03/2024 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 06/03/2024 |
|   | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 06/10/2024 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 06/17/2024 |
|   | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 06/17/2024 |
|   | Trial Date [*See KCLCR 40*]. | 06/24/2024 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.


DATED:     06/27/2023

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**  Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule

7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed order with the Clerk of the Court**.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE