THE HONORABLE LAUREN J. KING

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9 | DESTINEE MOLIGA, individually and on behalf of all those similarly situated, | NO. 2:23-CV-010840-LK

10 | Plaintiff, | **DEFENDANT'S MOTION TO DISMISS**

11 | vs.

12 | QDOBA RESTAURANT CORP., et al. | NOTE ON MOTION CALENDAR: October 20, 2023

13 | Defendants

14

15 ## I.   <u>INTRODUCTION</u>

16    Plaintiff Destinee Moliga has failed to state a claim for relief against Defendant Qdoba

17 Restaurant Corp. because she has not pled facts that show she is entitled to relief for alleged

18 violations of the job posting rules of Washington's Equal Pay and Opportunity Act, RCW

19 49.58.110.  Plaintiff alleges she "applied to work" at a Washington Qdoba restaurant and the

20 "posting for the job opening did not include the wage scale[.]" Dkt. No. 1-2 ("Complaint") ¶¶

21 8, 15. She attached what appears to be an online job posting and application to her Complaint.

22 Complaint at Ex. A. Yet she makes no allegations that she was actually qualified, was available

23 to work, was ever interviewed, or even received a job offer.  Plaintiff's view suggests that RCW

24 49.58.110 and 49.58.070 allows just any individual who submits an online job application—

25 regardless of qualifications, intent, job interview, or genuine interest in the position. This defies

26 standing requirements, falls short of basic causation requirements,   and   the   statute's

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 1 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

1  commonsense interpretation. Without any justiciable controversy, Plaintiff's second and third

2  "causes of action" for declaratory and injunctive relief are equally unactionable. As such,

3  Qdoba respectfully requests her Complaint be dismissed in its entirety under Rules 12(b)(1)

4  and 12(b)(6).

5  ## II.      FACTS RELEVANT TO MOTION

6        Plaintiff claims she applied for a Cook position at Qdoba Seattle restaurant on February

7  28, 2023. Complaint ¶ 15.  She claims the on-line job posting she applied for "did not disclose

8  the wage scale, salary range, or a general description of the benefits and other compensation to

9  be offered." Complaint ¶ 15. Plaintiff attached a copy of this purported job posting and her

10  application as Exhibit A to her Complaint. Plaintiff also alleges that "more than 40 [c]lass

11  members applied to job openings with Defendant" for positions in Washington state that also

12  were allegedly deficient. Complaint ¶ 14. Her sole alleged injuries are bare conclusions: (1) she

13  and the putative class members "lost valuable time applying for a job with Defendant for which

14  the pay or salary range was not disclosed to them;" and (2) an "inability to evaluate the pay for

15  the position, negotiate that pay, and compare that pay to other available positions in the

16  marketplace." Complaint ¶¶ 16, 17.

17        Critically, Plaintiff alleges no facts explaining how long it took her to apply apart from

18  just attaching her online application (which appears to be answers to a series of prompts that

19  she presumably submitted through an app on her phone) and how that unknown amount of time

20  was "valuable." Complaint, Ex. A. Plaintiff alleges no such information about the potential

21  class members, or even if they applied to the same position as Plaintiff or other jobs, whether

22  they were interviewed or received job offers, or what their skills and qualifications were, or

23  even provided copies of the other purported deficient job postings. Plaintiff does not allege

24  whether she genuinely sought to work for Qdoba, was qualified for the position to which she

25  applied, received an interview, or received a job offer. Complaint ¶¶ 15 – 19. Plaintiff's cursory

26

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 2 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48032960.5

allegations are insufficient to provide a standing or factual basis for her statutory claim. They are insufficient to state a plausible claim for a remedy under RCW 49.58.110.

## III.   ISSUES AND SHORT ANSWERS

1.     Should Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(1) because she has failed to plead a sufficient an "injury in fact" for standing purposes because she alleges only that she submitted a single online job application and sets forth no tangible injury? **Yes.**

**2.**     Should Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(6) because her Complaint lacks sufficient facts to state a RCW 49.48.110 (4) claim because all she claims is she is entitled to damages because she submitted a single online job application? **Yes.**

## IV.   ARGUMENT

**A.     Rule 12(b)(1) Compels Dismissal because Plaintiff Failed to Allege an Injury-In-Fact.**

Even in a class action, "constitutional standing requirements [must be] satisfied before proceeding to the merits." *Degenhart v. AIU Holdings, Inc*., C10-5172RBL, 2010 WL 4852200, at \*2 (W.D. Wash. Nov. 26, 2010) (quoting *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007).  The court lacks jurisdiction a plaintiff fails to allege facts to show a particularized injury caused by the defendant.  *See Bank of Am. Corp. v. City of Miami*, 581 U.S. 185, 196, 137 S. Ct. 1296, 1302 (2017).  To meet the standing requirements to avoid dismissal, a Plaintiff must present sufficient facts to show she: (1) has suffered an "injury in fact", (2) that is fairly traceable to the defendant's challenged conduct, and (3) is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  *See also Spokeo Inc. v. Robins,* 578 U.S. 330, 338 (2016). To plead an injury in fact, Plaintiff must allege concrete and particularized injuries.  *Lujan*, 504 U.S. at 560.  In the event a Plaintiff is seeking damages for the violation of a statutory right, as here, Plaintiff must not only plausibly allege the violation, but must also plausibly allege a concrete injury causally connected to the violation. *Dutta v. State Farm Mut. Auto. Ins. Co.*,

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 3 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48032960.5

895 F.3d 1166, 1172 (9th Cir. 2018) (internal quotations and citations omitted). In the absence of a plausible concrete injury, a plaintiff cannot establish standing to sue. *Id.* While a concrete injury can be intangible, a "plaintiff does not automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo Inc.,* 578 U.S. at 338, 340.

Plaintiff fails to allege her own plausible, concrete injury.  Plaintiff makes only bare assertions: she lost "valuable time applying for a job" and she was "harmed" because she was unable to "evaluate pay for the position, negotiate that pay, and compare it other available positions in the marketplace." Complaint, ¶¶ 16 – 17. However, these scant allegations are not plausible when she solely submitted an online application. In the absence of a job interview, let alone a job offer, she had no opportunity to evaluate pay for the position or negotiate such. Without allegations as to the impact the allegedly improper job posting may have had on her job or other more concrete allegations to the same, Plaintiff cannot rest on her scant allegations for purposes of establishing Article III standing to survive dismissal. As pleaded, her Complaint is wholly devoid of the necessary injury in fact to establish her cause of action regardless of the fact she is bringing claims of statutory violations. Plaintiff here, has failed to adequately establish standing and her claims should therefore be dismissed under Rule 12(b)(1).

**B.     Rule 12(b)(6) Compels Dismissal of Plaintiff's Complaint Because She Does Not Plausibly Alleges She is Entitled to Relief Under RCW 49.58.110.**

Even if Plaintiff had standing, this Court should still dismiss her claims under Rule 12(b)(6), which tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), this Court may dismiss a complaint based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). A court asks whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell*

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 4 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48032960.5

*Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (putative class action). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. While "detailed factual allegations" are not required, a [pleading] must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.    Although the court construes the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc*., 416 F.3d 940, 946 (9th Cir. 2005), the court need not accept as true legal conclusions or "formulaic recitation[s] of the legal elements of a cause of action," *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Holman v. Wells Fargo Home Mortgage*, 2:20-CV-116-RMP, 2020 WL 4208931, at *2 (E.D. Wash. July 22, 2020) (citing *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)) (quotations omitted). Absent facial plausibility, a plaintiff's claims must be dismissed. *Twombly,* 550 U.S. at 570 (stating "[b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

Plaintiff fails to plead sufficient facts to plausibly show she is an individual entitled to relief because of purported violations of RCW 49.58.110's job posting requirements. While RCW 49.58.110(4) sets out remedies, Plaintiff's effort to have this Court broadly apply it to any individual who applies for a job—regardless of qualifications, actual interest in obtaining the job, or whether the individual is offered a job or ultimately hired—cannot be squared with the statutory intent. When interpreting statutes, the court's "fundamental objective" is to "ascertain and carry out the Legislature's intent [.]" *Thurston Cty. ex rel. Snaza v. City of Olympia*, 193 Wn.2d 102, 440 P.3d 988, 991 (2019) (quotation omitted). The court derives legislative intent "from the plain language of the statute, considering the text of the provision, the context of the statute, related provisions, amendments to the provision, and the statutory scheme as a whole." *First Student, Inc. v. Dep't of Revenue,* 194 Wn.2d 707, 451 P.3d 1094,

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 5 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48032960.5

1   1096 (2019). "[A]ll of the language used is given effect, and no part is rendered meaningless or

2   superfluous." *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303,

3   1308 (1996). Yet when courts interpret statutes, "commonsense" must inform their analysis in

4   order to "avoid absurd results in statutory interpretation." *Seattle Hous. Auth. v. City of Seattle*,

5   3 Wn. App. 2d 532, 539, 416 P.3d 1280, 1283 (2018) (citing *State v. Alvarado*, 164 Wn.2d 556,

6   562, 192 P.3d 345 (2008)).  The "court will avoid an absurd result even if it must disregard

7   unambiguous statutory language to do so." *Samish Indian Nation v. Washington Dep't of*

8   *Licensing*, 14 Wn. App. 2d 437, 444, 471 P.3d 261, 265 (2020). And finally, if after the looking

9   at the statute's plain meaning, "the statute remains susceptible to more than one reasonable

10  meaning, the statute is ambiguous and it is appropriate to resort to aids to construction,

11  including legislative history." *State, Dep't of Ecology v. Campbell & Gwinn, L.L.C.,* 146 Wn.2d

12  1, 12, 43 P.3d 4, 10 (2002).

13          RCW 49.58.110 uses multiple terms when describing available remedies:

14  •   RCW 49.58.110(4) provides that a "job applicant or an employee" is entitled to "the

15      remedies in . . . RCW 49.58.070 for violations of this section."

16  •   RCW 49.58.070 in turn plainly states remedies that apply to an employee: "an

17      *employee* may bring a civil action against an employer . . . for actual damages;

18      statutory damages equal to the actual damages or five thousand dollars, whichever

19      is greater; interest of one percent per month on all *compensation* owed; and costs

20      and reasonable attorneys' fees." RCW 49.58.070(1) (emphasis added).

21  •   RCW 49.58.070(1) also lists another a remedy that obviously can apply only to an

22      employee: "The court may also order *reinstatement* and injunctive relief." RCW

23      49.58.070 (emphasis added).

24  •   And RCW 49.58.110(4) includes another remedy that requires employment:

25      "[r]ecovery of any *wages* and interest must be calculated from the first date *wages*

26      were owed to the employee".

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 6 - (No. 2:23-CV-010840-LK)

1    Thus, the remedies under RCW 49.58.110(4) and RCW 49.58.070 are on their face *only*

2    available to employees (*e.g.*, "An employee may bring an action …"), as those remedies include

3    "wages" or even "reinstatement,"—remedies that cannot possibly be awarded to an individual

4    who has never actually worked for an employer. *Id.*

5          Plaintiff's claim for relief, on the other hand, is based on an overreaching interpretation

6    of RCW 49.58.110(4).  She appears to maintain that any individual who merely submits an

7    online job application—regardless of qualifications, intent, job interview, or genuine interest in

8    the position—is entitled to damages or an injunctive relief. Her interpretation renders

9    superfluous RCW 49.58.110(4)'s provision for "wages and interest," and RCW 49.58.070(1)'s

10   reinstatement remedy, and contradicts RCW 49.58.070 limitation to remedies for

11   "employee[s]." Plaintiff's position also means that any person, qualified or not, actually

12   interested in the job or not, could locate an improper job posting and apply simply to collect the

13   statutory penalties (and their attorney fees) under RCW 49.58.110. To conclude that Plaintiff

14   can state a claim under RCW 49.58.110 when she does not allege whether she was interviewed,

15   qualified, available to work, or even offered the position, creates a windfall result that cannot

16   conceivably be what the legislature intended.

17        The effect of such potential overreaching is exactly the concern expressed by one

18   legislator: "on the employer side, [] employees respond to a posting and don't reply when asked

19   for references, resumes, or other information . . . and you waste the [employer's] time not

20   responding" and possibly subject them to penalties." *Concerning Employer Requirements for*

21   *Providing Wage and Salary Information to Applicants for Employment: Hearing on SB 5761*

22   *Before the S. Comm. On Labor, Commerce, and Tribal Affairs*, 2022 Leg., 67th Leg. Session.

23   at 32:30 (Wash. 2022) (statement of Sen. Mark Schoesler, Member, S. Comm. On Labor,

24   Commerce, and Tribal Affairs).[1] Senator Schoesler pointed out that the bill failed to address

25   _____

26   [1] Hearing available at:  https://tvw.org/video/senate-labor-commerce-tribal-affairs-committee-2022011288/?eventID=2022011288 (last visited 8/23/23).

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 7 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48032960.5

whether an applicant means more than just responding to a posting. *Id.* He was concerned that individuals might "game[] the system, and the repercussions of that on an employer, such as an applicant just submitting and ignoring further inquiries from the employer. *Id.*  Given these concerns as to the statute's construction at the time of its enactment, Plaintiff's interpretation cannot be reconciled with the statute and its legislative underpinnings.

On the other hand, the interpretation that does not lead to absurd results and is consistent with the entirety of RCW 49.58.110 and RCW 49.58.070 is that use of "job applicant" in RCW 49.58.110(4) must mean something more than an individual who merely submits an application, and nothing further occurs. This conclusion follows from a straightforward reading of the remedies provision.  In other words, the full scope of the remedies set out in RCW 49.58.110(4) and RCW 49.58.070(1) are available to an employee or at least an individual who is offered the job. Otherwise, the remedies listed above do not make sense. In short, Plaintiff's allegations fail to plausibly allege she is entitled to relief, and therefore she fails to state a claim under RCW 49.58.110.

**C.    Plaintiff Failed to State a Claim Because She Does Not Plausibly Allege that She Was Injured by the Purportedly Inadequate Job Posting.**

Even if Plaintiff were an individual entitled to assert a claim under RCW 49.58.110(4), she fails to explain plausible harm that allegedly flowed from the purportedly inadequate job postings. As this Court correctly noted in its Order to Show Cause, Dkt. No. 12, the "submission of a job application does not necessarily mean that . . . the applicant otherwise has a cause of action under Section 49.58.110." Dkt. No. 12 at n.1. While Plaintiff claims a statutory violation, in order to bring a tortious cause of action, she is still required to allege causation in fact between the alleged harm and the supposed injury she suffered. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346–47, 133 S. Ct. 2517, 2524–25, 186 L. Ed. 2d 503 (2013) ("proof that the defendant's conduct did in fact cause the plaintiff's injury—is a standard requirement of any tort claim") (quoting Restatement of Torts § 9 (1934) (definition of "legal cause"); §

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 8 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

431, Comment **2525 a (same); § 279, and Comment c (intentional infliction of physical harm); § 280 (other intentional torts); § 281(c) (negligence)). This applies even to statutory claims. *Id.* Establishing legal cause remains a fundamental requirement for Plaintiff's cause of action and is the required "standard" to show that Defendant's conduct (i.e., the allegedly improper job posting) in fact cause Plaintiff's injury because "it is textbook tort law that an action is not regarded as a cause of an event if the particular event would have occurred without it." *Nassar*, 570 U.S. 338 at 347.

Plaintiff claims that she lost "valuable time" because she was unable to "evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace," yet she alleges only that she applied for a single job, apparently using an app on her phone. Complaint, ¶¶ 16 – 17. Plaintiff's allegations make no causal connection between the alleged improper job posting and her claimed harm. That is, the "valuable time" spent submitting the perfunctory application is the same whether she ultimately was hired or not. Absent from her allegations is how applying for a position at Qdoba caused loss of time because Plaintiff makes no claims that she wasted time going through the interview process or rejecting a job offer upon learning the pay was inadequate. There is no allegation that Plaintiff was even available for work, qualified, or was interested in a job. There is no allegation that Plaintiff was unable to compare the wages connected with a Qdoba job offer against a job offer from a different potential employer. Accordingly, there is no harm attributable to this speculative "what if" scenario regarding Plaintiff's "inability" to negotiate or evaluate pay. Plaintiff's sole alleged interaction with Qdoba was the submission of the application itself.

In short, Plaintiff completely neglects to connect any dots to show that she was actually harmed by the allegedly improper job posting. Plaintiff's allegations do not even reach the level of "formulaic recitation" for her causes of action, making it insufficient to draw even the most baseline inferences from her limited factual allegations. *Chavez*, 683 F.3d at 1008. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 9 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48032960.5

1   U.S. at 555.  The entire premise of Plaintiff's Complaint is: (1) she submitted an application

2   and (2) is therefore entitled to relief. This is insufficient not only for herself but for the putative

3   class she seeks to represent. Even taking her bare bones allegations as true, Plaintiff has failed

4   to state a claim.

5   **D.     Plaintiff Has No Cause of Action and Cannot Obtain Declaratory or Injunctive Relief.**

6

7          Once the Court dismisses Plaintiff's RCW 49.58.011 claim, it can easily dismiss her

8   second "cause of action" for injunctive relief. Injunctive relief is a remedy, not an independent

9   cause of action. *McKee v. Gen. Motors Co*., 601 F. Supp. 3d 901, 910 (W.D. Wash. 2022).

10         Plaintiff's third cause of action is likewise easily dismissed. It seeks declaratory relief

11  but cites no legal authority. Complaint, ¶¶ 34 – 36. Neither RCW 49.58.011 nor RCW 49.58.070

12  list declaratory relief among the remedies for a violation. This alone is a reason to dismiss

13  Plaintiff's third cause of action. Even if Plaintiff intended to rely upon the Declaratory

14  Judgment Act (Chapter 7.24 RCW), the "Act creates only a remedy, not a cause of action."

15  *Bisson v. Bank of Am., N.A*., 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013) (citations omitted).

16  When presented with a claim for declaratory judgment, . . .  federal courts must take care to

17  ensure the presence of an actual case or controversy[.]" *Rhoades v. Avon Prods*., Inc., 504 F.3d

18  1151, 1157 (9th Cir. 2007). That is, a plaintiff must show there is a "justiciable controversy,"

19  which incorporates "the traditional limiting doctrines of standing, mootness, as well as the

20  federal case-or-controversy requirement." *McKee v. Gen. Motors Co.,* 601 F. Supp. 3d 901, 910

21  (W.D. Wash. 2022) (citing *To-Ro Trade Shows v. Collins,* 144 Wn.2d 403, 27 P.3d 1149, 1153

22  (2001)). In other words, "[w]ithout an underlying cause of action, "there is no claim for

23  declaratory relief." Plaintiff's claims fail here as well and should be dismissed.

V.     **<u>CONCLUSION</u>**

24         For the foregoing reasons, Defendant's Motion to Dismiss should be granted and

25  Plaintiff's claims dismissed.  Plaintiff fails to plausibly plead her "causes" of action. Her

26

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 10 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48032960.5

1    perfunctory allegations that she applied, and is therefore entitled to monetary, declaratory, or

2    injunctive relief, fail to demonstrate any injury in fact or a plausible claim under RCW

3    49.58.110 (4). Accordingly, Plaintiff's claims must be dismissed.

4          DATED this 24th day of August 2023.

5                                          By /s Catharine Morisset

6                                             Catharine M. Morisset, WSBA #29682
                                              Ryan R. Jones, WSBA #52566
7                                             FISHER & PHILLIPS LLP
                                              1700 7th Avenue, Suite 2200
8                                             Seattle, WA 98101
                                              Telephone:  (206) 682-2308
9                                             Facsimile: (206) 682-7908
                                              Emails:   cmorisset@fisherphillips.com
10                                                       rrjones@fisherphillips.com
                                              *Attorneys for Defendants*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 11 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48032960.5

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below written, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

Timothy W. Emery, WSBA #34078          Via CM/ECF and E-Mail
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Emery Reddy, PLLC
600 Stewart St., Suite 1100
Seattle, WA 98101
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
*Attorneys for Plaintiffs*

Executed August 24, 2023, at Seattle, Washington.

_____
Jazmine Matautia, Legal Secretary

DEFENDANT QDOBA'S MOTION TO DISMISS –
Page 12 - (No. 2:23-CV-010840-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48032960.5