THE HONORABLE LAUREN J. KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DESTINEE MOLIGA, individually and on behalf of all those similarly situated,<br><br>                       Plaintiff,<br><br>vs.<br><br>QDOBA RESTAURANT CORP., et al.<br><br>                       Defendants | NO. 2:23-CV-01084-LK<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR: October 20, 2023 |

## I.    SUMMARY OF REPLY

Plaintiff's Response fails to address her Complaint's fundamental failure to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). She focuses on public policy arguments, rather than explain how and why **she** is entitled to relief. She fails to explain how RCW 49.58.110 entitles her to a remedy when she does not claim she was actually looking for work, qualified, interviewed, or offered a position. Further, her proposed interpretation of the statute—that it applies to any applicant regardless of whether they are ever offered or accept a position with the company—not only leads to absurd results but is also *irreconcilable* with the statute's plain language. Plaintiff's platitudes about strict liability and public policy do not elevate her deficient complaint to the level of plausibility. Her Complaint must be dismissed.

DEFENDANT QDOBA'S REPLY TO MOTION TO DISMISS – Page 1 - (No. 2:23-CV-01084-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48238511.5

II. **ARGUMENT**

A. **Plaintiff Ignores the Absurd Results of Her Statutory Interpretation.**

Without authority, Plaintiff posits that because this is a "civil rights case" she is excused from showing her "economic damages," much less having to connect her damages to a statutory violation. Dkt. #20 at 13:9. Plaintiff also fails to specify how her "civil rights" were violated. Instead, Plaintiff calls RCW 49.58.110 a "strict liability statute." But Plaintiff fails to dispel the plainly absurd results that would arise under her "strict liability" theory.

Plaintiff's theory is that *anyone* who submits an online job application to a noncompliant posting is automatically entitled to $5,000, whether they are genuinely interested, qualified, interviewed for, or offered a job. Plaintiff ignores rules of statutory construction. None of the legislative sessions Plaintiff cites stands for her offered proposition. Rather, most of the legislators expressed concerns akin to Qdoba's position, noting the potential for "unintended consequences" due to the "vague" language of RCW 49.58.110.[1] "Commonsense" must inform the court's analysis of a statute, as it must avoid absurd results. *Seattle Hous. Auth. v. City of Seattle,* 3 Wn. App. 2d 532, 539 (2018). Taking Plaintiff's argument at face value means an individual with no interest in working for an employer need only apply to get $5,000. That hardly promotes wage equity. Plaintiff's strict liability argument is inapposite with the language and intention of RCW 49.58.110 itself.

B. **Plaintiff's Attempt to Extend RCW 49.58.110 to Any Applicant Cannot be Reconciled with the Statutory Language.**

In addition to absurd results, Plaintiff's "anyone who applies gets $5,000" theory cannot be squared with the statute as a whole. Plaintiff contends that RCW 49.58.110 is unambiguous yet ignores portions of it. "In analyzing a statutory text, the court does not look at its words in isolation. Textual exegesis necessarily is a holistic endeavor. . . . Thus, [the court] look[s] not

---

[1] *Concerning employer requirements for providing wage and salary information to applicants for employment: Hearing on SB 5761 Before the H. Labor & Workplace Standards Comm.*, 2022 Leg., 67th Leg. Sess. at 1:09:30 (Wash. 2022) (statement of Rep. Hoff, Member, H. Labor & Workplace Standards Comm.).

DEFENDANT QDOBA'S REPLY TO MOTION TO DISMISS – Page 2 - (No. 2:23-CV-01084-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48238511.5

only to the language itself, but also to . . . the broader context of the statute as a whole." *Int'l Ass'n of Machinists & Aerospace Workers v. BF Goodrich Aerospace Aerostructure Group*, 387 F.3d 1046, 1051 (9th Cir. 2004).

Despite Qdoba addressing the statutory language at length in its opening brief (*see* Dkt. #17 at 6-7), Plaintiff reads RCW 49.58.110(4)'s reference to "job applicant or an employee," in isolation. She ignores the multiple terms used in RCW 49.58.110 and 49.58.070 that make clear that these remedies are available only to applicants who ultimately become "employees." *See* Dkt. #17 at 6-7. Plaintiff fails to address that RCW 49.58.110(4) states a "job applicant or an employee" is only entitled to "the remedies in . . . RCW 49.58.070 for violations of this section." Plaintiff fails to address that RCW 49.58.070's remedies are on their face *only* available to employees (*e.g.*, "An employee may bring an action …"), especially when they include "wages" or "reinstatement." Such remedies cannot possibly be awarded without an employment relationship. Plaintiff's interpretation—anyone who submits an online job application gets monetary damages—is unreasonable when the statute is viewed as a whole.

**C.     Plaintiff Fails to Prove Her Standing to Bring a Claim under RCW 49.58.110.**

To claim standing, Plaintiff overlooks the scant nature of her allegations. It is not enough for Plaintiff simply to claim the relevant job posting failed to disclose its pay range.[2] A "plausible pleading of a flat-out violation of a statutory provision will not necessarily support a civil law suit [*sic*] [.]" *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018). To satisfy Article III standing, Plaintiff must show she "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 181 (2000).[3]

---

[2] Plaintiff's contention that Qdoba still "refuses to publish the amount it pays for open positions" (Dkt .#20 at 10:4-5) is demonstrably false. *See e.g.,* https://qdobacareers.com/?keywordsFilter=&state=Washington  and https://www.indeed.com/q-qdoba-l-washington-state-jobs.html?vjk=ab710277d4b763bc .

[3] Solely in her introduction, Plaintiff implies that because Defendant removed her case, it has somehow waived its argument that she must show an injury in fact to have standing. Dkt. #20 at 1:22-23, 2:3-4. Plaintiff cites no

DEFENDANT QDOBA'S REPLY TO MOTION TO DISMISS – Page 3 - (No. 2:23-CV-01084-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48238511.5

1   Plaintiff's arguments fail for several reasons.  Plaintiff first compares RCW 49.58.110 to this Court's jurisprudence under the Fair Debt Collections Practices Act ("FDCPA"). However, her authority, specifically *Beane v. RPW Legal Services*, 378 F. Supp. 3d 948 (W.D. Wash. 2019) and *Linehan v. AllianceOne Receivables Mgmt, Inc.*, No. C15-1012-JCC, 2016 WL 4765839 (W.D. Wash. Sept. 13, 2016), are readily distinguishable.

FDCPA's standing jurisprudence is specific to that statute. Years of case law conclude the FDCPA is a strict liability statute. *Beane*, 378 F. Supp. 3d at 956 ("Because the FDCPA is a strict liability statute"); *Linehan*, 2016 WL 4765839 at *6-8. And "courts across the country" have held that "a violation of the FDCPA itself confers standing on a plaintiff." *Linehan*, 2016 WL 4765839, at *7-8 (citations omitted). RCW 49.58.110, by contrast, has no such jurisprudence.  FDCPA jurisprudence does not absolve Plaintiff of showing **her** particularized and concrete harm.  Plaintiff's arguments again minimize the extent of her Complaint's thin allegations. The FDCPA cases do not help Plaintiff avoid her obligation to allege her concrete harm.

Plaintiff's next argument relies on her characterization of RCW 49.58.110 as a "civil rights statute." Dkt.# 20 at 18-19. As such, Plaintiff says, cases under the Civil Rights Act of 1968 and ADA show she has standing as a purported "victim[] of discrimination."  Her argument overreaches. For example, nothing in *Fin Langer v. Kiser*, 57 F.4th 1085 (9th Cir. 2023), a Title III ADA case, created a unique standing rule for "civil rights cases."  While acknowledging that "the understanding of ADA Title III standing has evolved over time," the court discussed "the deterrent effect doctrine for ADA standing" and the "tester doctrine," which allow a disabled plaintiff to bring an injunctive claim for removal of accessibility barriers even if they have not visited the place of public accommodation. 57 F.4th at 1093-94. These

---

authority for her proposition. In any case, while Qdoba recognizes that remand to state court is generally the remedy when a plaintiff lacks standing under Article III, a district court may dismiss a case rather than remand where it is "certain that a remand to state court would be futile." *Washington Election Integrity Coal. United v. Hall,* 634 F. Supp. 3d 977, 985 (W.D. Wash 2022) (citations omitted). Such is the situation here where Plaintiff has failed to plead facts sufficient to show that she is entitled to relief under the plain language of RCW 49.58.110.

DEFENDANT QDOBA'S REPLY TO MOTION TO DISMISS – Page 4 - (No. 2:23-CV-01084-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48238511.5

cases examined standing in the specific context of an injunctive relief claim under Title III. They did not even hold there was "strict liability." They do not apply here.

Even assuming strict liability were the standard, Plaintiff's Complaint again falls short. In *Beane,* an FDCPA case, the plaintiff alleged defendants sent improper communications **to plaintiff** to collect a debt **from plaintiff**, which the Court found "alleged violations out of the realm of the purely procedural violations." *Beane*, 378 F. Supp.3d at 959 (citations omitted). Notably, *Beane* dismissed other claims because the plaintiff "largely failed to allege any cognizable harm for these violations, and . . . a vague allegation. . . that she suffered 'injuries to [her] feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress" were deficient. 378 F.Supp.3d at 958.

Plaintiff's vague allegations are similarly deficient. She claims she was "harmed" because she lost "valuable time applying for a job," and she was unable to "evaluate pay for the position, negotiate that pay, and compare it with other available positions in the marketplace." Dkt. #1-2, ¶¶16 – 17.  Regarding the former, she admits the application included a lone question regarding her qualifications (Dkt. #20 at 2:22-3). Her Complaint contains no other specifics as to her alleged loss of "valuable time."

For the latter, Plaintiff argues the Court should simply "infer" "the short and long-term harm caused to her pay, promotions, and career as a result of not being privy to the wage" Qdoba might have offered.  Dkt. #20 at 11:12-15. Yet she does not allege that she was a qualified cook, or it was her chosen "career." She asserts she has standing because RCW 49.58.110 "rebalances a worker's power to negotiate pay with her current and prospective employers." Dkt. #20 at 6:5-6.  For her unidentified current employer, she offers no support for her theory that the external job posting requirements from another employer were intended to give her such leverage. She does not allege she wanted Qdoba information to negotiate her current wages. She does not allege Qdoba prohibited her from negotiating pay as an actual candidate. Plaintiff does not even allege she was interviewed, let alone offered a job.

DEFENDANT QDOBA'S REPLY TO MOTION TO DISMISS – Page 5 - (No. 2:23-CV-01084-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48238511.5

While her Response opines on the type of individual Plaintiff believes should have standing under RCW 49.58.110, Plaintiff fails to fully demonstrate how **she** does. Plaintiff has failed to allege concrete and particularized injuries to **her** that give her standing. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Absent from her allegations is any causal connection between her vague "injuries" (indeterminate lost time and theoretical impact on pay negotiations) and the alleged violation (a job posting without its pay range). Without it, Plaintiff's claims cannot survive under Rule 12.

### III.  CONCLUSION

Rule 12 requires Plaintiff to state a plausible claim for which **she** is entitled to relief. Plaintiff fails to reconcile the statute's plain language with her theory of recovery. Standing requires she allege **her** concrete and particularized harm. Thin allegations about "lost time" in submitting a perfunctory online job application fail to demonstrate she has a claim for relief. To conclude Plaintiff has a claim when she does not allege she was interviewed, qualified, available to work, truly interested, or even offered the position, creates a windfall result that cannot conceivably be what the legislature intended. Defendant's Motion should be granted.

DATED this 29th day of September 2023.

By /s Catharine Morisset
Catharine M. Morisset, WSBA #29682
Ryan R. Jones, WSBA #52566
FISHER & PHILLIPS LLP
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-2308
Facsimile: (206) 682-7908
Emails:  cmorisset@fisherphillips.com
         rrjones@fisherphillips.com
*Attorneys for Defendants*

I certify this reply contains 2,067 words, in compliance with the Local Civil Rules.

DEFENDANT QDOBA'S REPLY TO MOTION TO DISMISS – Page 6 - (No. 2:23-CV-01084-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48238511.5

# CERTIFICATE OF SERVICE

I hereby certify that on the date below written, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

| | |
|---|---|
| Timothy W. Emery, WSBA #34078<br>Patrick B. Reddy, WSBA #34092<br>Paul Cipriani, WSBA #59991<br>Emery Reddy, PLLC<br>600 Stewart St., Suite 1100<br>Seattle, WA 98101<br>emeryt@emeryreddy.com<br>reddyp@emeryreddy.com<br>paul@emeryreddy.com<br>*Attorneys for Plaintiffs* | Via CM/ECF and E-Mail |

Executed September 29, 2023, at Seattle, Washington.

_____
Jazmine Matautia, Legal Secretary

DEFENDANT QDOBA'S REPLY TO MOTION TO DISMISS – Page 7 - (No. 2:23-CV-01084-LK)

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 48238511.5